## STATUS OF POLICIES ISSUED BY UNLICENSED INSURANCE COMPANIES.

Circuit Court of Richland County.

THE BANKERS CASUALTY COMPANY v. THE RICHLAND COUNTY BANKING CO. ET AL.

Decided, 1908.

*Insurance—Policies Issued by Unlicensed Companies—Payment of Premiums not Enforcible in Ohio—Policies may be Collected in State of Issue.*

Where an insurance company, which has not complied with the Ohio law requiring that a license be issued to do business within the state, evades this requirement by issuing policies outside of the state on property located within the state, an action can not be prosecuted in the courts of the state for the recovery of premiums on such policies; but payment on a policy so issued may be enforced within the jurisdiction of the state in which it was issued, and an action for recovery of premiums may be maintained within such state provided jurisdiction can be obtained over the person of the policyholder.

*Kerr & LaDow,* for plaintiff in error.
*Cummings, McBride & Wolfe,* contra.

DONAHUE, J.; McCARTHY, J., and TAGGART, J., concur.

The question in this case is whether the Bankers Mutual Casualty Company, plaintiff in error, is entitled to prosecute an action for the recovery of premiums in the courts of this state, it not having complied with the laws of the state in respect to obtaining a license to do business within the state.

This policy of insurance was issued by the casualty company, in the city of Detroit, insuring property within the state of Ohio. The premiums on this policy of insurance not having been paid, an action was brought in the courts of Richland county to recover the same.

Upon the trial in the court of common pleas, on the issues made up in the pleadings the plaintiff sought to introduce certain testimony which was objected to on the ground that the plaintiff

was not entitled to do business in the state and can not properly bring this suit in court. The court thereupon sustained the objection and plaintiff excepted; and the court refused to allow the introduction of any other evidence and directed the jury to return a verdict for the defendant.

We think that this judgment ought to be affirmed. The general law in force at the time, and the statutes subsequently enacted, prohibited this class of insurance and other classes of insurance from prosecuting business within the state until they shall have obtained a license to do so.

As to these requirements, if within the provisions of the Constitution, the courts can not inquire as to their justness or equity. They have been uniformly upheld and sustained as proper. If companies are not permitted to transact business within the state, and by the evasion of issuing the policy outside of the state the courts within the state should enforce these contracts, it would nullify all legislation on the subject. The purpose of the courts is to enforce contracts and to enforce the laws, but not by their rulings and judgments to nullify the properly enacted laws of the state. This policy was not void, nor was the liability of the defendant in any way determined by the action of the court. The policy could be enforced within the jurisdiction of the state where the same was issued, if issued according to law. The premium could be collected within the jurisdiction of the state in which the policy was issued, provided jurisdiction of the person was had. The mere fact that the jurisdiction of the person is difficult to secure is not material.

Finding no error in this record to the prejudice of the plaintiff in error, the judgment is affirmed with the costs without penalty and the cause remanded. Exceptions on behalf of the plaintiff in error will be noted.